William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiffs

**JUDGE PATTERSON**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**05 CV 10596**

------------------------------------------------------------------x

MONIQUE WILTSHIRE, Individually, and on Behalf of    : ECF
All Other Persons Similarly Situated,    : 2005 Civ. _____
:
Plaintiffs,    : **CLASS ACTION**
: **COMPLAINT**
-against-    :
: **Demand for Jury Trial**
ABBOTT HOUSE, And JOHN DOES # 1-10, Jointly and    :
Severally,    :
:
Defendants.    :

------------------------------------------------------------------x

RECEIVED
DEC 1 6 2005
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, through their attorneys, complaining of Defendants, allege as follows:

## NATURE OF THE ACTION

1.    Plaintiff alleges on behalf of herself and other similarly situated current and former employees of the Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2.    Plaintiff further complains on behalf of herself and other similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay as required by New York Labor Law §§ 650 *et seq.*

1

3.      This Court has subject matter jurisdiction over the claims in this action pursuant

to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, this Court has jurisdiction

over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants

reside in this district and a substantial part of the events or omissions giving rise to the claims

occurred in this District.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## PARTIES

6.      Plaintiff at all relevant times is a resident of the County of Bronx in the State of

New York.

7.      Upon information and belief, Abbott House is a domestic not-for-profit, social

service corporation organized and existing in the State of New York and conducting business at

100 North Broadway, Irvington, New York.

8.      Upon information and belief, John Does #1-10 represent the officers, directors

and/or managing agents of the CORPORATE DEFENDANT, whose identities are unknown at

this time and who participated in the day-to-day operations of the CORPORATE DEFENDANT

and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C.

§203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York

Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the

CORPORATE DEFENDANT.

## COLLECTIVE ACTION ALLEGATIONS

9.      Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since December 16, 2002 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates equal to or greater than one and one-half times the regular rate of pay for hours worked in excess of eight hours per day and/or forty hours per workweek (the "Collective Action Members")

10.     This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are over 200 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

11.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

12.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

13.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

(a)     whether the Defendants employed the Collective Action Members within the meaning of the FSLA;

(b)     what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c)     whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of eight hours per day and/or forty hours per workweek, in violation of the FSLA and the regulations promulgated thereunder;

(d)     whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

(e)     whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(f)     whether Defendants should be enjoined from such violations of the FLSA in the future.

14.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

**CLASS ACTION ALLEGATIONS**

15.     Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

16.     Plaintiff brings her New York Labor Law claim on behalf of all pesons who were employed by Defendants at any time from December 16, 1999 to the entry of judgment in this action (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the "Class").

17.     The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 200 members of the Class during the Class Period.

18.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

19.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

20.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

21.    Plaintiff has the same interests in this matter as all other members of the Class, and Plaintiff's claims are typical of the class.

22.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

(a)  whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

(b) what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c) whether Defendants failed/and or refused to pay the members of the Class overtime compensation for hours worked in excess of eight hours per day and/or forty hours per workweek within the meaning of the New York Labor Law;

(d) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(e) whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

23.    Plaintiff was a child care worker employed by Defendants from on or about March, 1995 until on or about March, 2005 (the "time period").

24.    Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

25.    The work performed by Plaintiff required little skill and no capital investment. Her duties did not include managerial responsibilities or the exercise of independent judgment.

26.     During the time period, a period of approximately 10 years, Plaintiff worked for Defendants an average of 10-12 hours per day, 5-6 days per week, 50-60 hours per week.

27.     Defendants paid the Plaintiff $12.60 per hour but failed, refused and neglected to pay Plaintiff any statutory overtime wages for hours in excess of 8 hours per day and/or 40 hours per week.

28.     In addition to the Plaintiff, during the time period Defendants usually employed at least 10 other employees simultaneously.

29.      Throughout the time period, and, upon information and belief, both before that time and continuing today, Defendants have likewise employed other individuals, like the Plaintiff in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment.

30.     Such individuals have worked in excess of 8 hours per day and/or 40 hours a week, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.  The exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

31.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the course of the Class Period and Collective Action Period, the Defendants failed to maintain accurate and sufficient time records.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

32.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

33.     At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34.     At all relevant times, Defendants employed and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

35.     Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

36.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consent is attached hereto and incorporated by reference.

37.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of eight hours per day and/or forty hours per workweek.

38.     As a result of Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of eight hours per day and/or forty hours in a workweek, Defendants have violated and continue to violate, the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39.     As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiff and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the

wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41.     Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the Collective Action members, are entitled to recover from Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

42.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

43.     At all relevant times, Plaintiff and the members of the Class were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

44.     Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of eight hours per day and/or forty hours in a workweek in violation of the New York Labor Law and its regulations.

45.     Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

46.     Due to Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation,

damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff on behalf of herself and all other similarly situated Collective Action members and members of the Class, respectfully request that this Court grant the following relief:

(a)     Certification of this action as a class action pursuant to Fed R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class;

(b)     Designation of this action as a collective action on behalf of the Collective Action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FSLA Opt-In-Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

(c)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

(d)     An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(e)     An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

(f)     An award of liquidated and/or punitive damages as a result of the Defendants'

willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and New York

Labor Law § 663(1);

(g)     An award of prejudgment and post judgment interest;

(h)     An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

(i)     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
         December 16, 2005

                                    LAW OFFICE OF WILLIAM COUDERT RAND

                                    S/William C. Rand
                                    _____
                                    William Coudert Rand, Esq. (WR-7685)
                                    Attorney for Plaintiff, Individually,
                                    and on Behalf of All Other Persons Similarly Situated

                                    711 Third Avenue, Suite 1505
                                    New York, New York 10017
                                    Tel: (212) 286-1425

Co-counsel
Berger & Gottlieb
Jeffrey M. Gottlieb, Esq. (JG-7905)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, _Abbott House_ . I have been provided with a copy of the Retainer Agreement with the Law Firm of Berger & Gottlieb Attorneys and I agree to be bound by its terms.


_+Micdilbelue_                          _10-26-05_

Signature                               Date


_Monrque Wiltshire_

Printed Name